

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| LHE:EMR/RAS | *271 Cadman Plaza East* |
| F.#2018R02232 | *Brooklyn, New York 11201* |

May 12, 2023

<u>By ECF</u>

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Jacob Daskal
                 <u>Criminal Docket No. 21-110 (NGG)</u>

Dear Judge Garaufis:

        On February 3, 2023, the Court ordered the government to submit a supplemental affidavit regarding the review of certain electronic devices recovered from the defendant's person and from his residence in connection with the defendant's motion to suppress.  <u>See</u> 2.3.23 Order.  In accordance with the Court's Order, the government respectfully submits the enclosed affidavit of Federal Bureau of Investigation Special Agent Aaron Spivack.  <u>See</u> Exhibit A.

        Among the questions that the Court directed the government to address is "whether federal agents reviewed the forensic extractions from the defendant's phones, or any other information obtained pursuant to the October 10, 2018 New York Phones Warrant, before applying for the February 19, 2019 Federal Phones Warrant."  <u>See</u> 2.3.23 Order.  As described in the enclosed affidavit, and noted in the government's June 21, 2022 response to the defendant's motion to suppress (ECF No. 55), the government did not review the forensic extractions obtained pursuant to the New York Phones Warrant before applying for the Federal Phones Warrant.

        As further described, Special Agent Spivack did briefly consult with the Brooklyn District Attorney's Office regarding their review of forensic information from the Daskal Phones.  This consultation was documented in an email which is attached to Special Agent Spivack's affidavit.  <u>See</u> Exhibit B.  Notably, in the Federal Phones Warrant, the government disclosed that the Brooklyn District Attorney's Office had provided information that the Daskal Phones contained communications with cellular telephone numbers associated with the victim of the charged crimes.  The government did not rely on any further information obtained as a result of the New York Phones Warrant in the Federal Phones

Warrant, including the substance of a small number of communications between the victim and the defendant which were sent to Special Agent Spivack in Exhibit B.

The Court should deny the defendant's motion to suppress the evidence recovered from the Daskal Phones. As an initial matter, the New York State Phones Warrant was supported by probable cause, was neither vague nor overbroad, and the items recovered pursuant to the warrant were lawfully seized. In addition, the ample probable cause set forth in the Federal Phones Warrant did not rely on any data obtained pursuant to the New York State Phones Warrant. Finally, the information provided by the Brooklyn District Attorney's Office to Special Agent Spivack in Exhibit B would have been inevitably discovered pursuant to the Federal Phones Warrant. See United States v. Heath, 455 F.3d 52, 55 (2d Cir. 2006) ("Under the inevitable discovery doctrine, evidence obtained during the course of an unreasonable search and seizure should not be excluded if the government can prove that the evidence would have been obtained inevitably without the constitutional violation.") (internal quotation marks and citations omitted).

For these and other reasons set forth in the government's response to the defendant's motion to suppress, the Court should deny the defendant's pending motion to suppress the evidence recovered from his home and from the Daskal Phones and Daskal Computers.

The government also respectfully requests that the enclosed affidavit and exhibit, which refer to a minor victim's communications and includes a minor victim's full name and telephone numbers, be filed under seal. As an initial matter, the government is sensitive to the need to minimize the amount of information in a criminal case that is filed under seal. See, e.g., United States v. Aref, 533 F.3d 72, 83 (2d Cir. 2008) (noting "the requirement that district courts avoid sealing judicial documents in their entirety unless necessary"); Lugosch v. Pyramid Co., 435 F.3d 110, 119-20 (2d Cir. 2006) (noting that sealing orders should be "narrowly tailored"). However, sealing is warranted here to protect the potential witnesses' privacy interests. United States v. Amodeo, 71 F.3d 1044, 1050-51 (2d Cir. 1995) (privacy interests of third parties may be compelling reason justifying sealing).

Under these circumstances, the government's interest in safeguarding the privacy of the potential witnesses outweighs the public's qualified right to access such information. Because the facts set forth in this letter provide a sufficient basis for the

2

"specific, on the record findings" necessary to support sealing, Lugosch, 435 F.3d at 120, the government respectfully requests that the Court record those findings and permit the filing of this letter under seal.

Respectfully submitted,

BREON PEACE
United States Attorney

By:    /s/
Erin Reid
Rachel Shanies
Assistant U.S. Attorneys
(718) 254-7000

cc:    Clerk of Court (NGG) (by ECF)
       Defense counsel (by ECF)