UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
UNITED STATES OF AMERICA,

    – against –                                                    No. 21-cr-110 (NGG)

JACOB DASKAL,

                  Defendant.
-------------------------------------------------------------------x

# DEFENDANT JACOB DASKAL'S PROPOSED VOIR DIRE REQUESTS

**MEISTER SEELIG & FEIN PLLC**
*Counsel for Jacob Daskal*
125 Park Avenue, 7th Floor
New York, New York 10017
Phone: (212) 655-3500
Fax: (212) 655-3535

Defendant Jacob Daskal, by and through his attorneys, respectfully submits the following voir dire questions and asks that they be included along with the Court's standard questions to the jury panel.

## SUMMARY OF THE CHARGES

The Court is selecting a jury for a trial commencing today, July 17, 2023. Although it is never possible to predict the length of a trial, currently this trial is expected to last **approximately two weeks.** The Court will be in session on Monday through Thursday each week, and will not be in session on the Jewish religious holiday on Thursday, July 27, 2023.

This is a criminal case. The Defendant, Jacob Daskal, has been charged in an Indictment with two criminal offenses. The Indictment is not evidence. It simply contains the charges—referred to as "counts"—that the government seeks to prove to the jury at trial beyond a reasonable doubt.

The Indictment charges Jacob Daskal in two counts. Count One of the Indictment charges that from in or between August and November 2017, Mr. Daskal, using a means or facility of interstate commerce, knowingly and intentionally persuaded, induced, enticed, and coerced a minor to engage in sexual activity which is unlawful in the state in which it is alleged to have been committed, in this case the laws of New York and Illinois. Count Two charges Mr. Daskal with knowingly and intentionally transporting a minor in interstate commerce, from South Fallsburg, New York through New Jersey to Brooklyn, New York for the purpose of engaging in sexual intercourse and oral sexual conduct with the minor in violation of New York state law.

Mr. Daskal has pled not guilty to all charges. Mr. Daskal is presumed innocent, and before he can be found guilty on any charge, the jury must find that the government has proven each element of each crime beyond a reasonable doubt. The presumption of innocence is given to each and every Defendant who appears in every court in this country. The simple fact that Mr. Daskal is brought to court to face these charges does not allow you to presume anything about his being here. Indeed, the opposite is true under the law. Because Mr. Daskal appears in this Court, he is presumed completely innocent. He remains presumed innocent, unless and until the government proves each element of each crime charged against him beyond a reasonable doubt. Do not infer anything against Mr. Daskal due to the fact the government has charged him in this case.

## NATURE OF CHARGES

1. During the trial, you will likely hear evidence alleging sex crimes against someone who was, at the time, an underage girl. Some of the evidence in this case will involve sexually suggestive or sexually explicit conduct. Is there anything about the nature of these charges and likely evidence that might make it difficult for you to sit as a juror in this case?

    If yes, please explain. If you prefer to discuss your answer in private, please raise your hand and we will call you up individually at side bar.

2. Witnesses in this case may testify about sexual abuse or sexual assault of a minor. Would the nature of these charges create an emotional or reactionary response that might not allow you to assess the credibility of such a witness just as you would any other witness?

   If yes, please explain.

3. A witness in this case may claim to have been sexually abused as a minor. Would you view her testimony differently than any other witness only because she is alleging underage sexual abuse?

   If yes, please explain.

4. You might hear evidence in this case about patterns of sexual acts that run counter to your religious or personal beliefs. For example, you might hear evidence of sexual conduct other than procreative sex, including oral or anal sex. Because of any religious or personal beliefs you hold dear, might this type of evidence prevent you from evaluating the evidence in this case in a fair and impartial manner?

   If yes, please explain.

5. You might hear evidence in this case about acts of adultery, or having out-of-wedlock sexual relations. This case does not charge adultery, and you are not to substitute your own religious and personal beliefs over the Court's legal instructions on the elements of the two crimes charged in the Indictment. If evidence of adultery runs counter to your religious or personal beliefs, might evidence of this type prevent you from evaluating the evidence in this case in a fair and impartial manner or prevent you from following the legal instructions given to you by the Court?

   If yes, please explain.

6. You might hear evidence of messages, conversations, or testimony that includes explicit discussion of sexual acts or patterns of sexual activity. These statements may be read aloud or testified about at trial. Do you believe that the exposure to such graphic evidence may affect your ability to hear and consider the evidence in the case with an open mind and remain completely objective and impartial?

   If yes, please explain.

7. You might hear sexually explicit evidence in this case about adult pornography. If evidence of pornography is admitted in this case, will you morally judge the witness or defendant against whom it is admitted and not evaluate the evidence as you would any other piece of evidence admitted at trial?

   If yes, please explain.

8. Have you or a family member ever supported, lobbied, petitioned, protested, or worked in any other manner for or against any laws, regulations, or organizations related to sex trafficking, sex crimes against minors, sex abuse, sexual harassment, or the #MeToo Movement?

   If yes, please explain when and what you or your family member did in this regard.

   Do you believe that you or your family's social activism in these areas could impact your ability to sit as a fair and impartial judge of the facts presented to you at this trial?

   If yes, please explain.

9. Have you or a friend or family member ever been the victim of sexual harassment, sexual abuse, or sexual assault? This includes actual or attempted sexual assault or other unwanted sexual advances, including by a stranger, acquaintance, supervisor, teacher, mentor, foster parent, or family member.

   If yes, please explain.

   Do you believe that this prior experience would affect your ability to sit as a fair judge of the facts at trial in this case?

10. Some witnesses in this case may include law enforcement witnesses. Would you view a law enforcement witness's testimony differently than any other witness based solely on the fact that they are law enforcement officers?

    If yes, please explain.

11. Is there any other experience that you or anyone close to you has had regarding sexual relations that may affect your ability to serve as a fair and impartial juror in a case involving sex crimes against a minor?

    If yes, please explain.

3

## **KNOWLEDGE OF CASE AND PEOPLE**

This case has been reported in the local media. There is nothing wrong with having heard something about the case. It is important, however, to answer all of the following questions truthfully and fully.

12. Before today, had you read, seen, or heard anything about the defendant, Jacob Daskal?

    If yes, please state what you remember hearing, and how or from whom you may have heard (for example, a friend, the newspaper, a website, social media). If you hear about Mr. Daskal, or the charges against him, from a media source, please identify the media source by name.

13. Based on anything that you have read, seen, or heard about Mr. Daskal, including anything about criminal charges against him, have you formed any opinions about Mr. Daskal that might make it difficult for you to be a fair and impartial juror in this case?

    If yes, please explain.

14. You will hear evidence in this case that Mr. Daskal practices a certain ultra-orthodox form of the Jewish religion, sometimes called Hasidic Judaism; the members of this sect of Judaism are sometimes called Hasidic Jews, Hasids or Hasidim. Indeed, some of the testimony in this case will be about the practices of this religious sect.

    Before today, had you read, seen, or heard anything about the Hasidic Jewish tradition and its people in the Boro Park or Williamsburg neighborhoods of Brooklyn?

    Please state where you remember hearing, and how or from whom you may have heard, for example, from a newspaper, a website, or social media.

15. Based on anything you have personally experienced, read, seen, or heard about the Hasidic Jewish people and their practices, have you formed any opinion about them that might make it difficult for you to be a fair and impartial juror in this case?

    If yes, please explain.

16. You may hear evidence in this case about the practices of Hasidic Jews, which keep children away from the use or access of certain technologies, including for example television, the Internet, movies, and other modern-day media. Based on this or any other strict practices of the Hasidic Jewish people that you might hear at trial, have you formed an opinion about those who practice such strict religious principles that could affect your ability to be a fair judge of the facts in this case?

    If yes, please explain.

4

17. You may hear evidence in this case that men and women are treated differently in the Hasidic Jewish tradition, including the separation of men and women at temple or synagogue, and the requirements that women dress in a certain way, including long dress and sleeves, and wearing wigs in public if married. If you hear testimony that men and women are treated differently in the religious practices of the defendant's Hasidic tradition, might this impact your ability to judge evidence about these religious practices just as you would any other evidence?

    If yes, please explain.

18. Based on your prior views of the Hasidic Jewish tradition and people, might you judge Mr. Daskal based on the nature of his religious practices and cultural background, rather than only the evidence presented at trial?

    If yes, please explain.

Dated: July 10, 2023　　　　　　　　　　Respectfully submitted,
　　　　　New York, New York

　　　　　　　　　　　　　By:　　　　/S/　　　　　　　　　　

　　　　　　　　　　　　　　　　Henry E. Mazurek
　　　　　　　　　　　　　　　　Ilana Haramati
　　　　　　　　　　　　　　　　Meister Seelig & Fein PLLC
　　　　　　　　　　　　　　　　125 Park Avenue, Suite 700
　　　　　　　　　　　　　　　　New York, New York 10017

　　　　　　　　　　　　　　　　*Counsel for Defendant Jacob Daskal*