EMR/GN
F.#2018R02232

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -                                          Docket No. 21-CR-110 (NGG)

JACOB DASKAL,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

## THE GOVERNMENT'S PROPOSED VOIR DIRE REQUESTS

                                                     BREON PEACE
                                                     United States Attorney
                                                     Eastern District of New York
                                                     271 Cadman Plaza East
                                                     Brooklyn, New York 11201

Erin Reid
Genny Ngai
Assistant U.S. Attorneys
     (Of Counsel)

PRELIMINARY STATEMENT

In addition to the Court's usual voir dire, the government respectfully requests that the Court include the below questions in its examination of prospective jurors pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure. The government respectfully submits that the questions listed below would aid in the selection of a fair, impartial and unbiased jury. Where a prospective juror answers in the affirmative, the government requests that the Court ask additional questions of the juror to determine whether the juror can be fair and impartial in this case. The government also submits a brief description of the case and a list of names and places that may be mentioned at trial. The government reserves the right to submit additional voir dire questions prior to jury selection.

I.  Description of the Case

The defendant Jacob Daskal is charged by indictment (the "Indictment") on two counts: (1) knowingly and intentionally persuading, inducing, enticing or coercing a person who is less than 18 years old to engage in sexual activity using one more or facilities and means of interstate commerce; and (2) transporting that same person across state lines with the intent to engage in criminal sexual activity. The government anticipates that you will hear witness testimony and see documentary evidence such as photographs and text messages as part of this case.

II.     Case-Specific Questions

To the extent that the below are not already included in the Court's voir dire questions, the government respectfully requests that the Court ask the following:

1. Do you have any personal knowledge of the charges in the Indictment? Have you seen or read any media coverage of this case? If yes, is there anything about what you have heard or seen that would affect your ability to be a fair and impartial juror in this case?

2. The defendant is charged with crimes relating to the coercion, enticement, inducement and transportation of an individual under the age of 18, with the intent to engage in sexual activity with that person. Is there anything about the nature of these charges, in and of themselves, that would interfere with your ability to decide this case fairly and impartially?

3. Have you or a relative or a close friend ever been arrested, prosecuted or sued civilly for sexual misconduct? If yes, is there anything about that experience that would affect your ability to be fair and impartial?

4. Have you or a relative or a close friend ever been a victim of sexual harassment, child pornography, sexual abuse or sexual assault? If yes, is there anything about that experience that would affect your ability to be fair and impartial?

5. The law provides that individuals under certain ages cannot consent to sexual activity with other individuals. Is there any reason that you could not apply that law? If there is, what is it and why?

6. Because of the nature of the charges, you may be required to review sexually explicit communications involving an alleged minor. These messages and the related testimony may be distasteful, offensive and unpleasant to view and hear. However, the prospect of having to see or hear distasteful, offensive or unpleasant evidence is not a basis to avoid the

responsibility of jury service.  Many cases, both criminal and civil, involve unpleasant things.  If prospective jurors were excused on the ground that jury duty makes demands—including unpleasant demands—then the justice system could not function.  The parties have a right to expect that prospective jurors will not seek to avoid jury service simply because they would rather not serve or because they would like to avoid some unpleasantness.  With this in mind, do you believe that you will be able to view and hear such evidence at trial?  Do you believe that you can be a fair and impartial juror despite having to view and hear such evidence at trial?

7.     This case may receive attention in the media.  However, the only evidence you should consider is the evidence received in this courtroom.  You are to avoid and ignore any statements made by the media or individuals on social media platforms about this case, which may be inaccurate or incomplete.  Can you assure the Court and the parties that you can follow these instructions?

8.     It is the law that the testimony of a single witness can be sufficient to convict a defendant of a charged crime, if the jury finds that the testimony of that witness establishes proof beyond a reasonable doubt.  Do you have any opinion or belief about that law that would prevent you from applying this rule of law?

9.     I understand that one or more witnesses who are members of law enforcement may be called to testify by the government.  Would anyone have difficulty treating law enforcement like any other witness?  Does anyone believe that law enforcement witnesses are less likely to be truthful than other witnesses?  Is anyone related to someone in law enforcement or have a close friend who is in law enforcement?  If so, please explain.

10.    You will hear evidence of acts that took place in the neighborhood of Borough Park, Brooklyn.  Are you familiar with this neighborhood or area?  Do you or your family members live

3

or work in Borough Park? Would your familiarity with any of those areas affect your ability to serve as a fair and impartial juror in this case?

11. Do you have any biases or prejudices against members of racial, ethnic, national or religious groups that would make it difficult for you to be fair and impartial? Do you have any knowledge about the parties or the case that might influence you in deciding the case? Would you be able to set aside any sympathies or biases you may have for any of the parties in reaching a verdict?

12. Is there any juror who feels that, even if the evidence established a defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

13. Will you be able to accept the proposition that the question of punishment is for the Court alone to decide and that the possible punishment must not enter into the deliberations of the jurors as to whether a defendant on trial here is guilty?

14. Is there anything about this case that causes you to favor one side over the other?

15. Is there anything that we have not directly addressed with regard to this case that would make it difficult for you to be a fair and impartial juror in this case?

III. General Questions

21. The government also respectfully requests that the Court inquire as to the following:

    a. Other languages spoken or read;

    b. Difficulty reading or understanding English;

    c. Educational background;

    d. Military background;

      e.      Present employment and job duties;

      f.      Significant past employment;

      g.      General area of residence;

      h.      People who live with juror and his/her/their occupation(s);

      i.      Marital and parental status;

      j.      Religious affiliation if any;

22. What newspapers, if any, do you read on a regular basis?

23. What television programs, if any, do you watch on a regular basis?

24. List any law-enforcement, legal or crime-related television programs, radio programs, or podcasts you watch/listen to? How frequently (examples Law and Order, CSI, Cold Case, True Detective, Serial).

25. List any hobbies and special interests that you have?

26. Would you be able to follow the Judge's instructions on the law and apply the law even if you disagree with it?

27. Would you be able to set aside any sympathies or biases you may have for any of the parties in reaching a verdict?

28. Will you be able to wait until all the evidence is in before making up your mind?

29. Do you hold moral or religious beliefs that would prevent you from passing judgment on another person?

IV. <u>List of Names and Places</u>

30. Is anyone familiar with any of the following individuals or entities who may be mentioned at trial and/or called as witnesses? If so, how?

- Jacob Daskal, also known as Yanky Daskal, the defendant
- Henry Mazurek, attorney for the defendant

- Ilana Haramati, attorney for the defendant
- Jessica Becker, paralegal for the defendant
- Erin Reid, Assistant U.S. Attorney
- Genny Ngai, Assistant U.S. Attorney
- Ryan Costley, Paralegal Specialist
- Aaron Spivack, Special Agent, Federal Bureau of Investigation ("FBI")
- Louis DiOrio, Computer Analyst Response Team, FBI
- Richard Busick, Special Agent, FBI
- Michael Buscemi, Special Agent, FBI
- Aubrey Henry, former Detective, New York City Police Department ("NYPD")
- Aaron Lucas, Sergeant, NYPD
- Jane Doe-1 from New York[1]
- Jane Doe-2 from New York
- Shevy Topper
- Rivka Finkel from Israel
- Craindell Mannis from Bais Yaakov High School in Chicago
- Bais Yaakov High School
- Malky Schapiro
- Bylee Daskal
- Officer Deep Chopra from the United States Department of Homeland Security
- James (Jimmy) Taylor from IHG Hotel & Resorts
- Chany Weider from New York
- Boro Park Shomrim Patrol
- Boro Park, Brooklyn, also known as Borough Park, Brooklyn
- South Fallsburg, New York

---

[1] The government has filed motions <u>in limine</u> requesting that two of its witnesses be permitted to testify under pseudonyms. The government has identified these witnesses using Jane Doe monikers pending decision by Judge Garaufis.

6

The government reserves the right to supplement or modify this list in advance of trial.

Dated: Brooklyn, New York
July 10, 2023

                                      Respectfully submitted,

                                      BREON PEACE
                                      UNITED STATES ATTORNEY
                                      Eastern District of New York
                                      Attorney for Plaintiff
                                      271 Cadman Plaza East
                                      Brooklyn, New York 11201

By:             /s/
                                      Erin Reid
                                      Genny Ngai
                                      Assistant United States Attorneys
                                      (718) 254-7000