
U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| EMR/GN | *271 Cadman Plaza East* |
| F.#2018R02232 | *Brooklyn, New York 11201* |

July 14, 2023

<u>By ECF and Email</u>

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                Re:     United States v. Jacob Daskal
                        <u>Criminal Docket No. 21-110 (NGG)</u>

Dear Judge Garaufis:

      The government writes to inform the Court that the parties in the above-captioned matter have agreed to enter into an agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and to provide the Court with the basis for that agreement. Pursuant to the parties' agreement, the parties have agreed that the defendant would plead guilty to Count Two of the superseding indictment for transporting a minor with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a), and be sentenced to a sentence within the Guidelines range of 168 to 210 months' imprisonment, followed by a period of supervised release of five years. For the reasons set forth below, the government respectfully requests that, at the change of plea hearing scheduled for July 14, 2023 at 3:00 p.m., the Court: (1) accept the defendant's plea of guilty; and (2) accept the parties' plea agreement (the "Plea Agreement," attached as Exhibit A) as provided for under Federal Rule of Criminal Procedure 11(c)(1)(C).

      I.     <u>Procedural Posture</u>

      As the Court is aware, the defendant is charged on a two-count superseding indictment for using an interstate facility to coerce a minor to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2422(b) (Count One), and transportation of a minor with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a) (Count Two), for sexually abusing a 15-year-old girl in his care when he was 58 years old. Jury selection is this matter is currently scheduled for Monday, July 17, 2023 at 8:30 a.m. before Judge Bloom.

      II.    <u>The Parties' Agreed Upon Sentence</u>

      The agreed-upon sentencing range of 168-210 months' imprisonment followed by a 5-year term of supervised release appropriately balances the defendant's criminal history and

the seriousness of the defendant's conduct against the burdens avoided at trial through a negotiated resolution. Count Two in the indictment carry a 10-year mandatory minimum, and the proposed 11(c)(1)(C) plea agreement accounts for this statutory mandatory minimum and ensures that the defendant appropriately faces punishment for the serious crimes he committed. In addition, the negotiated resolution would ensure a conviction and save the government burden from proceeding to trial and mitigate the trauma that a trial would cause to the complaining victim and other witnesses who are expected to testify. The government has also notified the victim of the negotiated resolution and the victim has no objections to the terms of the negotiated agreement.

In the judgment of the government, a sentence in the agreed-upon sentencing range appropriately balance the prosecutorial interests of the Office with the need for a severe sentence for a very serious crime. For the foregoing reasons, the government respectfully requests that, at the change of plea hearing scheduled for July 14, 2023, the Court: (1) accept the defendant's plea of guilty; and (2) accept the Plea Agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

Respectfully submitted,

BREON PEACE
United States Attorney

By:    /s/_____
Erin Reid
Genny Ngai
Assistant U.S. Attorneys
(718) 254-7000

cc:    Clerk of Court (NGG) (by ECF)
        Defense counsel (by ECF)