

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EMR/GN
F. #2018R02232

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 10, 2023

By ECF and E-mail

Erica Vest
United States Probation Officer
Eastern District of New York
One Pierrepont Plaza
Brooklyn, New York 11201

    Re: United States v. Jacob Daskal
       Criminal Docket No. 21-110 (NGG)

Dear Probation Officer Vest:

   The government submits this letter in response to the defendant Jacob Daskal's objections to the September 29, 2023 Presentence Investigative Report ("PSR") in the above-captioned case (the "Objections" or "Obj.").

   On July 14, 2023, the defendant pleaded guilty to Count Two of the superseding indictment, pursuant to a Rule 11(c)(1)(C) plea agreement (the "Plea Agreement"). As per the Plea Agreement, the Office and the defendant agreed that a specific sentence within the Guidelines range of 168 to 210 months' imprisonment, followed by a period of supervised release of five years, was the appropriate term of imprisonment and term of supervised release in this case. In the Plea Agreement, specifically, the defendant agreed to the following:

   In the event that the agreed-upon sentencing range is below or above the Guidelines sentencing range calculated by the Court, the defendant and the Office consent to an adjustment under 18 U.S.C. § 3553(a) and the Office will inform the Court at the time of sentencing why the adjustment is justified. The defendant agrees that no departure under the Guidelines or adjustment under 18 U.S.C. § 3553(a) is warranted in this case.

See Plea Agreement at 2.

   The defendant has now filed objections both to the Guidelines calculation in the PSR (which calculated the defendant's Guidelines range to be 262 to 327 months) and the Guidelines calculation used to arrive at the range of 168 to 210 months' imprisonment in the Plea Agreement, asserting that the applicable Guidelines range is actually 97 to 121 months'

imprisonment.  Obj. at 1.  The defendant specifically disputes the application of the (1) the five-point pattern enhancement under U.S.S.G. § 4B1.5(b)(1); (2) the two-level enhancement for use of a computer under U.S.S.G. § 2G1.3(b)(3)(A); and (3) the two-level enhancement for undue influence under U.S.S.G. § 2G1.3(b)(2)(B).  Id.  He is incorrect.

At the change of plea hearing on July 14, 2023 the government set forth the overall applicable Guidelines range—including the three enhancements now disputed by the defendant—as well as the calculation that supported a Guidelines range of 168 to 210 months' imprisonment in the Plea Agreement:

> [I]f the defendant were to be convicted at trial, the Government believes that the base offense level would be a 28. That's under the Sentencing Guidelines 2G1.3(a)(3).  Next, the Government believes there would be an enhancement of two points under 2G1.3(b)(1) because the victim was in the care of the defendant at the time of the sexual abuse.  The Government also believes that there would be an enhancement of two points under 2G1.3(g)(4) because the offense involved the commission of a sex act or sexual contact.  Next, the Government believes there would be an enhancement of two points for the use of a computer under 2G1.3(b)(3).  The Government also believes there would be an enhancement of two points for undue influence under 2G1.3(b)(2) and the Government notes that this -- there is a presumption that that enhancement applies when there is more than a ten-year age difference between the victim and the defendant.  The Government also believes there would be a two-point enhancement under 3A1.1(b)(1) for a vulnerable victim, given the victim's family circumstances in this case.[1]  And finally, the Government believes that under 4B1.5(b)(1) a pattern of prohibited sexual conduct with a minor enhancement should be applied. That's a five-point enhancement, Your Honor. . . . And that would be life. Without the pattern enhancement, it would again be 235 to 293.

> [ . . .]

> [O]ur guidelines [in the Plea Agreement] would include the base level of 28, two-point enhancement for care of the defendant, two-point enhancement for commission of a sex act, and the pattern. It also includes a two-point reduction for acceptance of responsibility, but not three points, Your Honor, given that we were about to choose a jury on Monday morning. . . . That brings us to a 35, Your Honor. And that's 168 to 210.

---

[1] Notably, Probation did not include the two-point vulnerable victim enhancement in the PSR.  See PSR at 24.  The government did not include that enhancement to arrive at the Guidelines range in the Plea Agreement and is not seeking a hearing to prove that the enhancement applies.

7/14/23 Plea Transcript, at 20-22.  Following the government's explanation, the Court turned to the defense, asking "Anything from you, sir, on that?"  Id. at 22.  Defense counsel responded, "No, Your Honor."  Id.

Although the government did not include the use of a computer and undue influence enhancements to arrive at the range of 168-210 months in the Plea Agreement, the government maintains that all three enhancements now disputed by the defendant apply here.

A.     Use of a Computer, U.S.S.G. § 2G1.3(b)(3)(A)

The defendant argues that he is not eligible for the two-level enhancement for use of a computer under U.S.S.G. § 2G1.3(b)(3)(A), because Jane Doe lived with the defendant for "much of the timeframe of the offense conduct," and therefore "no electronic device was necessary to facilitate the crime."  Obj. at 2.  This argument ignores the fact that the defendant used social media, text messages and Skype to communicate with and groom Jane Doe leading up to and throughout the charged time period.  Indeed, at trial, the government would have proven that Jane Doe and the defendant in fact did not always live together throughout August and November 2017, that they texted each other more than 12,000 times over the four-month period between August and November 2017, and that the defendant asked Jane Doe pose nude for him over Skype during the charged time period.   The government also expected to prove that in August 2017 alone (the time period that the conduct in Count Two occurred), the defendant and the victim exchanged over 5,000 voice and text communications.  As the Application Notes to U.S.S.G. § 2G1.3(b)(3)(A) make clear, the enhancement is intended to apply "to the use of a computer or an interactive computer service to communicate directly with a minor," or precisely the conduct at issue in this case.  See Application Note 4 to U.S.S.G. § 2G1.3(b)(3)(A).

B.     Undue Influence, U.S.S.G. § 2G1.3(b)(2)(B)

The defendant also disputes the application of the two-level enhancement for undue influence under U.S.S.G. § 2G1.3(b)(2)(B), arguing that the only "undue influence" exerted by the defendant was "based on his position of custody and care at the time of the offense," which is already accounted for in the Custody and Care enhancement under U.S.S.G. § 2G1.3(b)(1)(B).  Obj. at 2.  To the contrary, there are numerous facts in this case that support a finding that the defendant's "influence over [the Victim] compromised the voluntariness of [her] behavior," see Application Note 3(B) to § 2G1.3(b)(2)(B), separate and apart from the fact that the Victim was in the defendant's care throughout much of the charged conduct, including the defendant's position of power in their shared community in Borough Park, Brooklyn, his relationships with law enforcement, and the 44-year age difference between him and the Victim.  Indeed, there is a rebuttable presumption that the enhancement should apply when the defendant is at least 10 years older than the Victim, because "some degree of undue influence can be presumed because of the substantial difference in age[.]"  Id.

C.      The Pattern Enhancement, U.S.S.G. § 4B1.5(b)(1):

Finally, the defendant argues that the five-point enhancement for a pattern of activity involving prohibited sexual conduct under U.S.S.G. § 4B1.5 does not apply here, in part because all of the conduct at issue involves the same victim.  Obj. at 3.  The Second Circuit—including in the cases cited by the defendant— has left open the question of whether the pattern enhancement could apply in a case involving a single victim.  See United States v. Quiroz-Martinez, 822 F. App'x 30 (2d Cir. 2020) ("We need not decide whether an offense of conviction that consists of repeated acts of prohibited sexual misconduct against the same minor in a short period of time (here, enticing the same minor to send sexually explicit photographs on three different days over the course of nineteen days) satisfies the "pattern of activity" requirement of § 4B1.5(b). . . .").  However, other courts have applied the enhancement to cases where, as here, the pattern of abuse involved a single victim.  See United States v. Fox, 926 F.3d 1275, 1280–81 (11th Cir. 2019) (applying the enhancement and noting that "Congress specifically contemplated that the five-level enhancement under § 4B1.5(b)(1) should apply in circumstances where a minor victim is repeatedly abused by the same perpetrator on separate occasions.") (citing H.R. Conf. Rep. No. 108-66, at 59 (2003)).

The defendant also argues that the enhancement does not apply because "all of the prohibited sexual conduct involving Jane Doe comprise his conviction in this case."  Obj. at 3.  Again, he is incorrect.  The defendant's guilty plea under Count Two of the superseding indictment, to transporting a minor in interstate commerce with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a), does not cover all of the conduct in the case.  In addition to the conduct covered by Count One of the superseding indictment, using an interstate facility to coerce a minor to engage in illicit sexual conduct in violation of 18 U.S.C. § 2422(b), the defendant also engaged in other, uncharged conduct, including repeated acts of sexual abuse against the Victim in both South Fallsburg and Brooklyn New York and attempting to produce and/or receive child pornography by requesting that the Victim pose nude on Skype and send him nude photographs.  See United States v. Broxmeyer, 699 F.3d 265, 285 (2d Cir. 2012.  ("'Prohibited sexual conduct' includes not only conduct violating specified federal criminal statutes § 4B1.5 cmt. n.4(A)(i) (citing 18 U.S.C. § 2426(b)(1)(A) (specifying federal offenses listed under chapters 109A, 110, 117, or section 1591 of title 18 of the United States Code)), but also conduct violating state law that would have constituted one of these specified federal offenses 'if the conduct had occurred within the special maritime and territorial jurisdiction of the United States,' 18 U.S.C. § 2426(b)(1)(B).").

For the reasons set forth above, the Court should find that the Probation Department correctly calculated the Guidelines for the defendant and properly applied (1) the five-point pattern enhancement under U.S.S.G. 4B1.5(b)(1); (2) the two-level enhancement for use of a computer under U.S.S.G. 2G1.3(b)(3)(A); and (3) the two-level enhancement for undue influence under U.S.S.G. 2G1.3(b)(2)(B).

Pursuant to the parties' Plea Agreement, however, the parties have agreed to a sentence between 168 and 210 months' imprisonment, and that "no departure under the Guidelines or adjustment under 18 U.S.C. § 3553(a) is warranted in this case."  Thus, the government maintains that the defendant's objections to the Guidelines be denied in its entirety and a sentence at the top end of the Guidelines range of 168 to 210 months' imprisonment be imposed.

Respectfully submitted,

BREON PEACE
United States Attorney

By:       /s/
          Erin Reid
          Genny Ngai
          Assistant U.S. Attorneys
          (718) 254-7000

cc:    Clerk of Court (NGG) (by E-mail and ECF)
       Defense Counsel (by E-mail and ECF)